IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENE LOPEZ and JOSE MORAN, on behalf of themselves and other persons similarly situated | CIVIL ACTION NO 15-4113 |
| *Plaintiffs*, | JUDGE |
| v. | |
| | MAG. JUDGE |
| HAL COLLUMS CONSTRUCTION, LLC and CENTRAL CITY MILLWORKS, LLC and HAL COLLUMS | |
| *Defendants*. | |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiffs Rene Lopez and Jose Moran through their attorneys, Roberto Luis Costales and William H. Beaumont, file this Collective Action Complaint against defendants Hal Collums Construction LLC, Central City Millworks, LLC, and Hal Collums.

**NATURE OF THE ACTION**

1. This is an action by Rene Lopez and Jose Moran ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiffs were employed as manual laborers by Defendants Hal Collums Construction LLC, Central City Millworks, LLC, and Hal Collums ("Defendants"). While working for the Defendants Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated

employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Rene Lopez

5. Plaintiff Rene Lopez ("Plaintiff Lopez") is a resident of Louisiana.

6. Plaintiff Lopez was hired by Defendants in late 2011 or early 2012.

7. Plaintiff Lopez worked for Defendants in Louisiana.

8. Plaintiff Lopez worked as a carpenter. In connection therewith Plaintiff Lopez performed manual labor, including but not limited to: installing molding, installing doors, installing windows, assembling cabinets, installing baseboards.

9. Defendants paid Plaintiff Lopez $10.00 per hour, which was increased to $11 per hour during 2015.

10. At all relevant times, Plaintiff Lopez and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Plaintiff Jose Moran

11. Plaintiff Jose Moran ("Plaintiff Moran") is a resident of Louisiana.

12. Plaintiff Moran was hired by Defendants during 2012 and 2013 and again in May, 2015.

13. Plaintiff Moran worked for Defendants in Louisiana.

14. Plaintiff Lopez worked as a carpenter. In connection therewith Plaintiff Lopez performed manual labor, including but not limited to: installing molding, installing doors, installing windows, assembling cabinets, installing baseboards.

15. Defendants paid Plaintiff Moran between $9.00 and $10.00 per hour.

16. At all relevant times, Plaintiff Moran and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

## Defendant Hal Collums Construction, LLC

17. Defendant Hal Collums Construction, LLC ("HCC") is a corporation organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

18. HCC is in the business of commercial and residential construction in Louisiana.

19. HCC supervised the day to day work activities of the Plaintiffs.

20. HCC determined Plaintiffs' work schedule for the employment at issue herein.

21. The paychecks that the Plaintiffs received for the employment at issue herein sometimes bore the name "Hal Collums Construction, LLC".

22. HCC maintains an employment file for the Plaintiffs.

23. HCC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24. HCC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Central City Millworks, LLC

25. Defendant Central City Millworks, LLC ("CCM") is a corporation organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

26. CCM is in the business of commercial and residential construction in Louisiana.

27. CCM supervised the day to day work activities of the Plaintiffs.

28. CCM determined Plaintiffs' work schedule for the employment at issue herein.

29. The paychecks that the Plaintiffs received for the employment at issue herein sometimes bore the name "Central City Millworks, LLC".

30. CCM maintains an employment file for the Plaintiffs.

31. CCM is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

32. CCM is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Hal Collums

41. Defendant Hal Collums is an owner, operator, and director of Defendants HCC and CCM.

42. At all pertinent times herein Defendant Hal Collums had the authority to hire and fire HCC and CCM employees, including the Plaintiffs herein.

43. At all pertinent times herein Defendant Hal Collums maintained executive authority over the jobs HCC and CCM employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

47. Defendants undertake residential and commercial construction projects in Louisiana. Defendant' services include construction, carpentry, remodeling and renovations. Defendants employ more than 30 employees at any one time.

49. Defendants paid Plaintiffs by check.

50. Plaintiffs normally worked more than (40) hours a week for the Defendants. Defendants required Plaintiffs to work six days per week.

51. Defendants never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

52. Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

53. Defendants paid the named Plaintiffs, and other similarly situated employees at an hourly rate for work performed.

54. Defendants treated the named Plaintiffs, and other similarly situated employees as exempt from the FLSA's overtime requirements.

55. When the named Plaintiffs and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

56. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

57. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

58. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least August 2012 and continuing until the present.

59. As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

   a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so

6

    that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.  Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.  Declaring that Defendants' conduct violated the FLSA;

d.  Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e.  Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.  Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.


September 3, 2015


*Respectfully submitted,*


*/s/ Roberto Luis Costales*           */s/ William H. Beaumont*
_____     _____
Roberto Luis Costales               William H. Beaumont
3801 Canal Street, Suite 207      3801 Canal Street, Suite 207
New Orleans, LA 70119           New Orleans, LA 70119
Louisiana Bar #33696            Louisiana Bar #33005
Telephone: (504) 914-1048       Telephone: (504) 483-8008
Facsimile:  (504) 272-2956        *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

*Attorneys for Plaintiffs*