```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


  LOPEZ ET AL.                              CIVIL ACTION

  VERSUS                                    NO: 15-4113

  HAL COLLUMS                               SECTION: "J"(4)
  CONSTRUCTION, LLC ET AL.
```

### ORDER & REASONS

Before the Court is a *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs* **(Rec. Doc. 11)** filed by Plaintiffs, Rene Osmin Lopez and Jose Moran, and an opposition thereto (Rec. Doc. 18) filed by Defendants, Hal Collums Construction, LLC, Central City Millworks, LLC, and Hal Collums. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation comprises Plaintiffs' claims against Defendants pursuant to the Fair Labor Standards Act (FLSA) regarding unpaid overtime wages. Plaintiffs filed their Complaint against Defendants on behalf of themselves and other persons similarly situated on September 3, 2015. (Rec. Doc. 1.) Plaintiffs allege that they were hired to work as manual laborers for Defendants to assist with residential and commercial construction

projects in Louisiana. *Id.* at 5. Plaintiffs assert that Defendants paid them and other similarly situated employees at an hourly rate for work performed. *Id.* Furthermore, Plaintiffs allege that they were working in excess of forty hours per week and were not exempt from FLSA's overtime requirement. *Id.* Plaintiffs allege that Defendants failed to pay them and other similarly situated employees the proper overtime wages, as required by the FLSA. *Id.* Consequently, Plaintiffs claim that Defendants willfully violated the provisions of the FLSA by unlawfully depriving them of proper overtime compensation. *Id.* at 5-6. As a result, Plaintiffs seek to recover unpaid back wages, interest, liquidated damages, declaratory and injunctive relief, and reasonable attorney's fees and costs. *Id.* at 6-7.

On October 26, 2015, Plaintiffs filed the instant *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs* **(Rec. Doc. 11)** and requested oral argument. In conjunction with allowing this action to proceed collectively, Plaintiffs ask the Court to direct the Defendants to provide Plaintiffs with a list of potential opt-in plaintiffs, to approve the sending of the proposed notice to the potential opt-in plaintiffs, and to approve an opt-in period of six months. (Rec. Doc. 11-1, at 6.) Defendants opposed the motion on November 10, 2015. (Rec. Doc. 18). The motion is now before the Court on the

2

briefs, without oral argument, as the Court determined that oral argument was unnecessary.

## PARTIES' ARGUMENTS

Plaintiffs asks the Court to conditionally certify this collective action and authorize, under court supervision, notice to all similarly situated employees whom Defendants employed. (Rec. Doc. 11-1, at 5.) Specifically, the putative class, to which Plaintiffs seek to facilitate notice, consists of a class of Defendants' employees limited to:

> All individuals who worked or are working performing manual labor for Defendants Hal Collums Construction LLC, Central City Millworks, LLC, and Hal Collums during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation.

*Id.* In their motion, Plaintiffs allege that Defendants' violations of the FLSA are not personal to Plaintiffs, but rather are part of a general policy of Defendants not to pay their employees overtime. *Id.* at 8-9.

Plaintiffs argue that they have presented sufficient evidence that there is a similarly situated putative class. In support of their motion, Plaintiffs rely on the allegations in their Complaint and the attached declarations of Jose Moran, Rene Osmin Lopez, and Rene Orlando Lopez,[1] which set forth the following allegations: (1) Plaintiffs and the putative class worked as manual laborers

---

[1] On September 25, 2015, Plaintiffs filed a Notice of Class Member Opt-In (Rec. Doc. 4) with an attached consent form signed by Rene Orlando Lopez.

for the Defendants; (2) Plaintiffs and the putative class were supervised by Defendants' foremen; (3) Plaintiffs and the putative class worked the same shifts and took breaks at the same time; (4) Plaintiffs and the putative class were paid roughly the same amounts; (5) Plaintiffs and the putative class often worked more than forty hours per week; and (6) Plaintiffs and the putative class did not receive overtime for hours worked in excess of forty during any particular work week. *Id.* at 14. For these reasons, Plaintiffs argue that the putative class is similarly situated, as required for conditional certification of a collective action under the FLSA.

Next, Plaintiffs argue that the Court should approve the proposed notice attached to their motion and allow Plaintiffs' counsel to send the notice to potential opt-in plaintiffs. According to Plaintiffs, the proposed notice is timely, accurate, and informative, as required. *Id.* at 20. Plaintiffs point out that a similar notice has been approved by various courts in the Eastern District. *Id.* at 20 n.7. In addition, because many of Defendants' employees may be Spanish-speaking, Plaintiffs request that the Court approve a Spanish translation of the proposed notice, which Plaintiffs intend to send out along with the English version. *Id.* at 20 n.8.

Plaintiffs also ask that this Court order the Defendants to produce the names, last known addresses, and dates of employment

4

of the potential class members no later than two weeks after the signing of the order. *Id.* at 21. According to Plaintiffs, district courts routinely grant disclosure of the names and addresses of the potential opt-in plaintiffs in conjunction with authorizing notice.

Lastly, Plaintiffs argue that the Court should allow for an opt-in period of six months. *Id.* At least some of Defendants' past and present employees, including Plaintiffs, are non-English speaking. *Id.* Because of the difficulties often associated with noticing non-English speaking laborers in FLSA cases, Plaintiffs contend that a six-month opt-in period is appropriate in this case. *Id.* Furthermore, Plaintiffs maintain that nothing prevents the parties from litigating the underlying issues while the opt-in period runs, and Plaintiffs claim that Defendants are not prejudiced by an opt-in period of six months. *Id.* at 22.

In opposition, Defendants argue that the Court should deny Plaintiffs' motion for conditional certification because Plaintiffs have failed to satisfy their burden of showing that there are others who are similarly situated to Plaintiffs who desire to opt in to this lawsuit. (Rec. Doc. 18, at 8.) Defendants argue that Plaintiffs have failed to identify potential plaintiffs other than the one additional person, Rene Orlando Lopez, who has filed notice with this Court. *Id.* Moreover, Defendants argue that the three declarations attached to Plaintiffs' motion are

5

"basically the same" and contain conclusory allegations that are insufficient to warrant conditional certification. *Id.* at 6-7.

Defendants further argue that the job duties, job requirements, and hourly rates for the laborer positions that the Plaintiffs and Rene Orlando Lopez held were different from those of the various other positions at Hal Collums Construction, LLC ("HCC") and Central City Millworks, LLC ("CCM"). *Id.* at 10. In support of this argument, Defendants provide the Declaration of Hal Collums, the Managing Officer for both HCC and CCM, which describes the various positions at HCC and CCM during the relevant time period.[2] (Rec. Doc. 18-1.) Although Defendants believe that the Court should deny Plaintiffs' motion, if the Court holds otherwise, Defendants argue that the Court should limit its condition certification to persons employed by Defendants as

---

[2] For example, HCC employs persons in three positions: Field Carpenter, Field Carpenter Helper, and Field Laborer. (Rec. Doc. 18-1, at 1.) Field Carpenter is considered a skilled position with an hourly rate between $15 and $25. *Id.* at 1-2. Field Carpenter Helper is considered a semi-skilled position with an hourly rate between $11 and $15. *Id.* at 2. Field Laborer is considered an unskilled position with an hourly rate between $9 and $11. In addition, CCM employs persons in seven positions: Bench Carpenter, Shop Carpenter Helper, Shop Laborer, Painter, Painter Helper, Millwright, and Machine Operator. *Id.* at 2. Bench Carpenter is considered a skilled position similar to Field Carpenter at HCC, but with an hourly rate between $13 and $19.50. *Id.* Shop Carpenter Helper is a position with job duties, responsibilities, and hourly rates comparable to those of Field Carpenter Helper at HCC. *Id.* Shop Laborer is a position with job duties, responsibilities, and hourly rates comparable to those of Field Laborer at HCC. *Id.* Painter is considered a skilled position with an hourly rate between $12 and $16. *Id.* at 3. Painter Helper is considered a semi-skilled position with an hourly rate between $10 and $13. *Id.* Millwright is considered a skilled position with an hourly rate between $15 and $20. *Id.* Lastly, Machine Operator is considered a skilled position with an hourly rate between $12 and $16. *Id.*

"Laborers" at an hourly rate between $9 and $11. (Rec. Doc. 18, at 10.)

Next, Defendants argue that Plaintiffs' proposed notice is premature and improper. *Id.* at 13. Defendants contend that the Court should refrain from issuing notice in this case until after Plaintiff's motion for conditional certification is resolved, and then only after the parties have met and conferred on the notice or briefed the issue before the Court if agreement cannot be reached. *Id.* In any event, Defendants object to the specific language of the proposed notice for several reasons. *Id.* at 15-16.

Defendants also object to Plaintiffs' proposed six-month opt-in period. *Id.* at 10-12. Defendants argue that a six-month period is both unreasonable and excessive, noting that the majority of reported decisions offer an opt-in period of thirty to ninety days. *Id.* at 10. According to Defendants, a shorter opt-in period is in the best interest of potential opt-in plaintiffs as it allows them to avoid statute of limitations defenses and, as a result, prevents potential opt-in plaintiffs from losing their "similarly situated" status by the creation of two classes of opt-in plaintiffs (i.e., those filing within the statute of limitations and those filing outside of the statute of limitations). *Id.* at 11. Therefore, Defendants request an opt-in period of thirty days. *Id.* at 12.

Lastly, Defendants contend that the declarations of Rene Osmin Lopez and Rene Orlando Lopez attached to Plaintiffs' motion should be stricken. *Id.* at 12. Defendants cite the statute of limitations applicable to FLSA violations and point out that neither declaration states how long the declarant was employed by Defendants or when his employment ended. *Id.* Furthermore, Defendants argue that the declarations do not reflect personal knowledge regarding the conduct of Defendants during the relevant time period. *Id.* at 13.

### **LEGAL STANDARD**

Section 207 of the FLSA provides the mandatory parameters for overtime pay. 29 U.S.C. § 207. Section 216(b) of the FLSA affords workers a right of action for violations of these parameters. *Id.* § 216(b). Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." *Id.* To participate in a collective action, each employee must "give[] his consent in writing" by notifying the court of his intent to opt in. *Id.* "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). The notice must be "timely, accurate and informative." *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). Courts recognize two methods of determining whether plaintiffs are sufficiently "similarly situated" to advance their claims in a single collective action pursuant to § 216(b): the two-stage class certification approach typified by *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988), and the "spurious" class action approach espoused by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).[3] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The Fifth Circuit has expressly refused to endorse either method over the other. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 n.1 (5th Cir. 2010) (citing *Mooney*, 54 F.3d at 1216). However, *Lusardi* is the prevailing approach among the district courts in this circuit and around the country. *See, e.g.*, *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015).

The *Lusardi* approach comprises two stages. *Acevedo*, 600 F.3d at 519; *Mooney*, 54 F.3d at 1213. First, during the "notice stage,"

---

[3] Under the *Shushan* approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. *Mooney*, 54 F.3d at 1214.

9

the court conducts an initial inquiry of "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo*, 600 F.3d at 519; *accord Mooney*, 54 F.3d at 1213-14. Courts usually base this decision upon "the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (footnote omitted). Although the standard is lenient, "it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798. If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. *Mooney*, 54 F.3d at 1214. The case then proceeds through discovery as a representative action. *Id.*

The second stage is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available." *Acevedo*, 600 F.3d at 519. At this stage, the court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* If the plaintiffs are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Mooney*, 54 F.3d at 1214.

**DISCUSSION**

**A.   Conditional Certification of Collective Action**

The fundamental inquiry presented by Plaintiffs' motion at this conditional certification stage is whether the named plaintiffs and members of the potential collective class are "similarly situated" for purposes of § 216(b). The FLSA does not define the term "similarly situated," and the Fifth Circuit has "not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013) (quoting *Acevedo*, 600 F.3d at 518-19). Rather, this determination requires a fact-intensive, ad hoc analysis. *Id.* at *5; *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008). Although a lenient standard is applied at the notice stage, "the court still requires at least 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan [that violated the FLSA].'" *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8).

"Courts have repeatedly stressed that Plaintiffs must only be similarly—not identically—situated to proceed collectively." *Prejean*, 2013 WL 5960674, at *5 (quoting *Falcon v. Starbucks Corp.*,

11

580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008). Thus, a court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy for practice." *Id.* at 878. As mentioned above, this determination is usually made based on the pleadings and any affidavits that have been submitted. *Mooney*, 54 F.3d at 1214. "Overall, the evidence needed is minimal, and the existence of some variations between potential claimants is not determinative of lack of similarity." *Banegas*, 2015 WL 4730734, at *4.

The Complaint alleges that Defendants treated Plaintiffs and other similarly situated employees who performed manual labor as exempt from FLSA's overtime requirements and, as a result, never paid them one and one-half times their regular rate of pay for hours worked in excess of forty in a week. (Rec. Doc. 1, at 5.) Attached to Plaintiffs' motion are the declarations of the two Plaintiffs, which provide more detail regarding the allegations in the Complaint. In addition, Plaintiffs attached the declaration of

12

Rene Orlando Lopez, a potential opt-in class member.[4] In their declarations, Plaintiffs state that they each worked alongside a number of others employed by Defendants as laborers, who performed the same job duties, worked the same shifts, and took breaks at the same times. (Rec. Docs. 11-2, at 1; 11-3, at 1; 11-4, at 1.) Although Plaintiffs and their coworkers "often worked at least five hours of overtime," Plaintiffs state that they were not paid an overtime rate of pay. (Rec. Doc. 11-2, at 1-2.)

The Court finds that the Complaint and the attached declarations set forth "substantial allegations that the putative class members were together victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 n.8. The alleged policy of failing to pay employees performing manual labor an overtime rate for work performed in excess of forty hours in a week constitutes a "factual nexus which binds the named plaintiffs and the potential class members together." *Xavier*, 585 F. Supp. 2d at 877-78. There is no indication that this policy "relates to specific circumstances personal to the plaintiff[s]." *Id.* at 878. Accordingly, Plaintiffs have satisfied their lenient burden of showing that they are "similarly situated" to the purported class.

---

[4] The Court rejects Defendants' argument that the declarations of Rene Osmin Lopez and Rene Orlando Lopez should be stricken. Although their declarations do not state the specific dates that their employment with Defendants ended, the Court finds that the declarations reflect the declarants' personal knowledge and sufficiently show that the declarants performed work for the Defendants during the relevant time period.

As noted above, Defendants contest the appropriateness of conditional certification in this case, where the motion is supported only by allegations in the pleadings and the declarations of the two named Plaintiffs and Rene Orlando Lopez. Defendants emphasize that Plaintiffs have identified only one individual who is interested in joining the proposed FLSA collective action, and they assert that Plaintiffs have therefore failed to satisfy their burden. However, Defendants misconstrue the Plaintiffs' burden at the lenient notice stage. In the Fifth Circuit, "there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015) (quoting *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *7 (E.D. La. June 13, 2013)); *see also Banegas*, 2015 WL 4730734, at *5 ("Taken to its logical conclusion, Defendant's argument would result in a categorical rule that conditional certification of a proposed FLSA collective action is never appropriate where the complaint is not joined by multiple named plaintiffs, or where the named plaintiff does not attach affidavits of other potential class members who express an interest in joining the action. This focus on the intent of potential opt-in class members has no statutory basis in the FLSA.").

14

The Court declines to adopt a stricter rule, which is not clearly statutorily-mandated, requiring a plaintiff to collect additional affidavits from potential opt-in class members who have the intent to join the action. The notice stage "requires the plaintiff to show, at least, that similarly situated individuals *exist*." *Banegas*, 2015 WL 4730734, at *5. Here, Plaintiffs' declarations state that they worked in groups of approximately 6-10 other laborers, and that Defendants employed more than one crew. Plaintiffs claim that these other laborers had the same job duties as Plaintiffs did, and were compensated pursuant to a similar policy. Furthermore, Plaintiffs allege personal knowledge of how the other individuals were compensated, based on their experience and conversations with their coworkers. Thus, Plaintiffs have established a likelihood that a group of similarly situated individuals exist.

Defendants also contend that conditional certification should be limited to employees who worked as "Laborers" for Defendants at hourly rates between $9 and $11.[5] "Whether at the notice stage or on later review, collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations." *Donohue v. Francis Servs.*,

---

[5] The Court assumes Defendants seek to limit conditional certification to individuals employed by HCC in the position of Field Laborer and individuals employed by CCM in the position of Shop Laborer. According to Hal Collums's declaration, these positions had comparable job duties and both received hourly rates between $9 and $11.

15

*Inc.*, No. 04-170, 2004 WL 1161366, at *2 (E.D. La. May 24, 2004) (citing *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)). As mentioned above, similarly situated does not mean identically situated. *Prejean*, 2013 WL 5960674, at *5. Further, Plaintiffs do not allege that they were singled out for underpayment, but that all hourly employees working alongside them performing manual labor were not paid the proper overtime rate. Although Plaintiffs state that they were paid between $9 and $11 per hour, they claim that their co-workers, who performed the same duties, were paid between $10 and $14 per hour. Given these facts and the lenity with which conditional certification decisions must be made, the Court finds that a FLSA class should be conditionally certified to include:

> All individuals who worked or are working performing manual labor for Defendants Hal Collums Construction LLC, Central City Millworks, LLC, and/or Hal Collums during the previous three years who were paid on an hourly basis and who worked, at any time therein, over forty hours per week without being paid one and one-half times their regular rate of pay for hours worked in excess of forty in a week.

The Court rejects Defendants' argument that such a class is problematic because it includes individuals from various positions or with a slightly different rates of pay. It seems appropriate to certify the collective action at this time and revisit this

16

question later after some discovery. As discovery proceeds, Defendants may move to decertify or modify the conditionally certified class as defined if appropriate.

**B.   Proposed Notice**

Plaintiffs submitted a proposed notice form along with their motion. (Rec. Doc. 11-6.) As noted above, Defendants raise a number of objections to Plaintiffs' proposed notice. Section 216(b) imparts the district court with discretionary authority to facilitate notice to potential plaintiffs. *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g.*, *Banegas*, 2015 WL 4730734, at *6; *Perkins*, 2015 WL 771531, at *5. Accordingly, the parties are directed to meet and confer regarding the proposed notice and attempt to resolve these disputes in good faith as ordered below.

**C.   Length of the Opt-In Period**

Plaintiffs request an opt-in period of six months. Plaintiffs state that they anticipate significant difficulties in locating potential opt-in plaintiffs, noting that oftentimes the addresses of non-English speaking laborers provided by the defendants in FLSA cases are outdated or inaccurate. For this reason, Plaintiffs contend that a longer opt-in period is necessary. However, Defendants contend that a six-month period is both unreasonable

17

and excessive, and argue that a short opt-in period of thirty days is more appropriate in this case.

Longer opt-in periods have been granted in cases where potential plaintiffs are hard to contact due to their migration or dispersal. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 241 (N.D.N.Y. 2002) (allowing a nine-month opt-in period because the potential plaintiffs were likely to have migrated to other places within North America and other continents). The Court finds that an opt-in period of ninety days is appropriate in this case. *See Case v. Danos & Curole Marine Contractors, L.L.C.*, No. 14-2775, 2015 WL 1978653, at *7 (E.D. La. May 4, 2015); *Lima*, 493 F. Supp. 2d at 804. This period sufficiently affords the Plaintiffs the time needed to locate potential opt-in plaintiffs, but is not so unreasonable as to be overly burdensome or excessive for the Defendants.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs* **(Rec. Doc. 11)** is **GRANTED IN PART**, as set forth in this Order and Reasons, and that the above-captioned matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that Defendants shall have fourteen (14) days from the entry of this Court's Order, or through and

18

including December 2, 2015, to produce the full names, dates of employment, and last known addresses of all potential class members.

**IT IS FURTHER ORDERED** that the parties meet, confer, and thereafter submit to the Court a joint proposal of notice no later than twenty-one (21) days from the entry of this Court's Order, or through and including December 9, 2015. If the parties are unable to agree on the proposed notice, the parties shall file the appropriate motion(s) with their objections no later than December 9, 2015.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs shall have thirty (30) days from the date the proposed notice is approved by the Court to transmit the notice and consent form to all potential class members via U.S. mail.

**IT IS FURTHER ORDERED** that potential class members may opt in to this collective action if: (1) they have mailed, faxed, or emailed their consent form to counsel for the class within ninety (90) days after the notice and consent forms have been mailed out to the class; or (2) they show good cause for any delay.

New Orleans, Louisiana, this 18th day of November, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE