<u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

This Settlement Agreement and Release of Claims (the "Agreement") is made by Hal Collums Construction, LLC, Central City Millworks, LLC, and Hal Collums ("Defendants") and their subsidiaries, affliates, officers, employees, agents, directors, representatives, successors, assigns, and shareholders and Rene Osmin Lopez, Jose Moran, Rene Orlando Lopez, Wilson Nunez, and Scott Robin ("Plaintiffs"), Plaintiffs in the case captioned *Rene Lopez and Jose Moran v. Hal Collums Construction, LLC, et al.* Case Number 15-CV-4113, currently pending in the United States District Court for the Eastern District of Louisiana (the "Lawsuit").

This Agreement is made as a compromise between Plaintiffs and Defendants (collectively, the "Parties") for the complete and final settlement of **all claims that are the subject of the Lawsuit**. In consideration for the settlement payments made to them herein by Defendants, Plaintiffs, Rene Osmin Lopez, Jose Moran, Rene Orlando Lopez, Wilson Nunez and Scott Robin, release, discharge, acquit, hold harmless and indemnify Defendants, Hal Collums Construction, LLC, Central City Millworks, LLC, and Hal Collums, in regard to any and all claims that Plaintiffs brought or could have brought in the Lawsuit, including but not limited to any claim or claims that Plaintiffs have or may have had against Defendants for wages, overtime pay, back pay, liquidated damages, penalty wages, attorneys' fees, costs, and any and all relief that is available under the Fair Labor Standards Act.

<u>AGREEMENT</u>

A.      **Consideration for Rene Osmin Lopez:**   In consideration for the release, discharge, hold harmless and indemnity of Defendants provided for herein by Plaintiff, Rene Osmin Lopez, Defendants agree to pay **Rene Osmin Lopez** the total gross amount of



$17,941.00 U.S. Dollars ("the Gross Settlement Amount") from which applicable deductions shall be made.

1. The Wage Portion: 50% of the Gross Settlement Amount ("the Wage Portion") paid to Plaintiff Rene Osmin Lopez under the Settlement Agreement shall be reported as wages to the appropriate taxing authorities on a W-2 form issued to Rene Osmin Lopez, and this 50% shall be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law. Within three (3) days of the approval of this Settlement Agreement by the Court, Rene Osmin Lopez will provide Defendants with an executed W-4. On the tax withholdings portion of the W-4, Rene Osmin Lopez will declared himself that his married with one dependent. Rene Osmin Lopez agrees to these designations. Based upon these designations, Defendants will make the applicable withholdings for federal income taxes, FICA taxes, and state taxes. Although not a condition of this settlement agreement, Rene Osmin Lopez agrees to accept responsibility for any and all taxes that he may owe as a result of this settlement and for having an Individual Taxpayer Identification Number (ITIN).

2. The Liquidated Damages Portion: 50% of the Gross Settlement Amount ("the Liquidated Damages Portion") paid to Rene Osmin Lopez under this Settlement Agreement shall be allocated as liquidated damages, interest, and/or penalties, and reported as non-wage income to the appropriate taxing authorities on a Form 1099.

B. Consideration for Jose Danilo Lopez Moran, Rene Orlando Lopez, Wilson Nunez and Scott Robin: In consideration for the release, discharge, hold harmless and indemnity of Defendants by Plaintiffs', Jose Danilo Lopez Moran, Rene Orlando Lopez, Wilson Nunez and Scott Robin, Defendants agree to pay Plaintiffs, Jose Danilo Lopez Moran,

Rene Orlando Lopez, Wilson Nunez and Scott Robin the following amounts from which no withholdings or deductions are applicable:

| | |
|---|---|
| Jose Danilo Lopez Moran: | $ 3,027 |
| Rene Orlando Lopez: | $ 2,694 |
| Wilson Nunez: | $ 2,133 |
| Scott Robin: | $ 1,260 |

1. 50% of the gross settlement amount paid to Plaintiffs, Jose Danilo Lopez Moran, Rene Orlando Lopez, Wilson Nunez, and Scott Robin will be designated as wages to the appropriate taxing authorities on a W-2 Form. Since the wage portion of these settlement amounts are under $1,600, no withholdings shall be made for federal or state income tax; however, Defendants will withhold the applicable amounts for FICA (Social Security) taxes.

2. 50% of the gross settlement amount shall be designated as liquidated damages, interest and/or penalties and reported as nonwage income to the appropriate taxing authorities on a Form 1099. Plaintiffs, Jose Danilo Lopez Moran, Rene Osmin Lopez, Wilson Nunez, and Scott Robin, agree to be responsible for any and all taxes that they owe pursuant to this settlement agreement. Although not a condition of this settlement agreement, Plaintiffs, Jose Danilo Lopez Moran, Rene Osmin Lopez, and Wilson Nunez, agree to accept responsibility for filing a W-7 form with the Internal Revenue Service.

C. Attorneys' Fees: Defendants additionally agree to pay Plaintiffs' attorneys, William H. Beaumont, Roberto L. Costales, and Emily Westermeier, the sum of $31,450.00 for

attorneys' fees and costs for which Defendants will issue a 1099 to **William H. Beaumont for this payment, who will provide an executed W-9 for the payment. In consideration for this payment of attorneys' fees by Defendants, William H. Beaumont, Roberto L. Costales, and Emily Westermeier, agree to release, discharge, hold harmless and indemnify Defendants in regard to any claim(s) they or the Plaintiffs have or may have for attorneys' fees and costs arising out of or related to the Lawsuit.**

D.   **Settlement Allocation:** Checks to Plaintiffs for the Settlement Amount and Attorney's Fees will be delivered to Plaintiffs' Counsel's offices within **21 days of the Court's order granting the Joint Motion to Dismiss and for Approval of Settlement of Plaintiffs' claims.** Upon receipt, Plaintiffs' counsel will deliver checks to Plaintiffs as soon as practicable.

E.   **Court Approval:** The Parties will submit to the Court a joint motion for final approval of this Agreement. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement. Payment of the settlement consideration described herein is contingent upon Court Approval of this Agreement.

E.   **Release of Wage and Hour and Other Claims:** Plaintiffs hereby agree to release and forever discharge Defendants from all claims of any kind, whatsoever, now existing, that in any way relate to, were asserted by, or could have been asserted by, Plaintiffs in the Lawsuit, including, but not limited to claims for alleged violation of the Fair Labor Standards Act, claims regarding hours worked, the payment, or nonpayment of wages, overtime compensation, minimum wage compensation, meal and rest periods, penalties, and liquidated damages.

E.   **Liabilty:** Plaintiffs understand and agree that this Agreement is a compromise of doubtful and disputed claims and any payment is not to be construed as an admission of liability by Defendants and that Defendants expressly deny any liability for Plaintiffs' disputed claims.

4

F.     **Confidentiality:** The Parties warrant and represent that they and their counsel will not in the future disclose the terms of this Agreement, including but not limited to the Settlement Payment agreed to, except as set forth below and as required by law. This confidentiality provision shall not preclude disclosure by the Parties in response to a lawfully issued subpoena or legal process; to the Parties' spouses; or parents; or to the Parties' attorneys and tax or financial advisors, and then only if such persons are expressly made aware of this confidentiality provision and agree to be bound hereby. In the event that a lawfully issued subpoena requests of a court of competent jurisdiction or Government Agency orders that the Parties disclose the contents of this Agreement or turn over a copy of this Agreement to a third party, the Parties agree to give advance written notice of no less than ten (10) business days, if feasible, of any such proposed disclosure of information to the attention of all counsel of record in the Lawsuit to give an opportunity to object to such disclosure. This confidentiality provision is a material part of the consideration flowing to the Parties and is an integral part of this Agreement. Inquiries to the Parties, their spouses, their family and their counsel by any individual or entity that do not fall within the narrow exceptions above shall be answered by responding: "The matter is has been resolved and is confidential. I am not at liberty to discuss the situation any further." The Parties may disclose the contents of this Agreement in an action to enforce this Agreement.

G.     **Dismissal:** The Parties agree to file a *Joint Motion to Dismiss and for Approval of Settlement* within three business days of the Parties' execution of this Agreement. The Joint Motion will seek dismissal of the Lawsuit with prejudice.

H.     **Severabilty of Provisions:** The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the Parties agree they will

attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

I. **Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

J. **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

K. **Dispute Resolution:** The Parties intend for any disputes regarding this Agreement to be heard only by the Court.

L. **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Louisiana whether any party is, or may hereafter be, a resident of another state.

M. **Extension of Time:** The Parties may, subject to Court approval, agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

N. **Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

O. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

P. **No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

Q. **Cooperation Clause:** The Parties acknowledge it is their intent to consummate this Agreement, and they agree to cooperate and exercise their best efforts to the extent necessary to effectuate and implement all of the terms and conditions of this Agreement.

R. **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

S. **Captions:** The captions or headings of the sections and paragraphs of Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

T. **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon **approval by the Court and execution by the Parties**. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the

U. **Facsimile Signatures:** Execution by facsimile shall be deemed effective original.

V. **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of Defendants, warrants and represents that such person has the authority to do so.

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

*Rene Osmin Lopez*
Rene Osmin Lopez

Dated: 12/29/16

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

*Jose Moran*
Jose Moran

Dated: 12/10/29
12/29/16

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

*Rene Orlando Lopez*
Rene Orlando Lopez

Dated: 12/29/16

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

*WILSON NUNEZ*
Wilson Nunez

Dated: 12-29-2016

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

*[Signature]*
Scott Robin

Dated: 12/30/16

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

_____
William H. Beaumont

Dated: 1/3/2017

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

_____
Roberto L. Costales

Dated: 1/3/2017

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

_____
Emily Westermeier

Dated: 12/30/16